UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID BEAR, | ) | Case No.: 4:21 CV 2256 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | ORDER |

Currently pending before the court in the above-captioned case is Respondent the United States of America's ("Respondent") Motion to Dismiss or in the alternative Motion for Summary Judgment ("Motion") (ECF No. 8) on Petitioner Michael David Bear's ("Petitioner" or "Bear") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1). Under Local Rule 72.2, the court referred the matter to Magistrate Judge William H. Baughman, Jr. The case was later transferred to Magistrate Judge Jennifer Dowdell Armstrong ("Magistrate Judge" or "Magistrate Judge Armstrong") on September 2, 2022, pursuant to General Order 2022-14, to prepare a Report and Recommendation ("R & R") (ECF No. 9). For the following reasons, the court adopts the R & R (ECF No. 9) that Respondent's Motion for Summary Judgment (ECF No. 8) be granted, and the Petition (ECF No. 1) be denied without prejudice, so that Bear may exhaust his administrative remedies.

On November 29, 2021, Bear filed his Petition (ECF No. 1) in this court challenging the Federal Bureau of Prison's ("BOP") computation of his federal sentence. Bear asserts that he is

entitled to 678 days of prior custody credit, plus any related good time credit that he might have accrued, toward his federal sentence for time he previously served toward his state sentence. (R & R at PageID #108, ECF No. 9.) On March 22, 2022, Respondent filed an Opposition to the Petition and moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") or alternatively, for summary judgment under Federal Rule of Civil Procedure 56 ("Rule 56"). (ECF No. 8.) The Motion principally argues that Bear's Petition should be dismissed pursuant to Rule 12(b)(6) because Bear failed to exhaust all administrative remedies prior to filing suit. (Mem. at PageID #29, ECF No. 8-1); (R & R at PageID #108, ECF No. 9.) Alternatively, Respondent moves for summary judgment, maintaining that summary judgment should be granted in its favor because Bear's sentence was properly calculated. (*Id.*) More specifically, Respondent argues that there is no genuine dispute of material fact because the record demonstrates that the federal sentencing court recommended against retroactive designation and that the BOP properly calculated Bear's jail-time credit. (*Id.*) On December 5, 2022, Magistrate Judge Armstrong submitted her R & R recommending that the court: (1) grant Respondent's Motion for Summary Judgment (ECF No. 8) because Bear failed to exhaust administrative remedies, and deny Bear's Petition without prejudice so that he may exhaust administrative remedies; or (2) alternatively grant summary judgment in favor of Respondent because the BOP correctly calculated Bear's jail-time credit. (R & R at PageID #109, ECF No. 9.)

As an initial matter, the R & R explains that Respondent's Motion should be construed as one for summary judgment because Respondent relies on materials outside the pleadings. (*Id.* at PageID #144); *Moglia v. Williams*, No. 4:20-cv-1359, 2021 WL 3566584, at *4 (N.D. Ohio June 21, 2021) (treating an exhaustion argument as though it were brought under Rule 56 because the movant

relied on matters outside out of the pleadings); *aff'd* 2021 WL 2841581, at *2 (N.D. Ohio July 8, 2021). This approach is reasonable, the R & R concludes, because the parties had sufficient notice and opportunity to respond and, therefore, will not be prejudiced. (*Id.*) Turning to the merits, the R & R explains that Petitioner is entitled to seek judicial review of the BOP's calculation of his time served credit, but only after satisfying the four-step process articulated in 28 C.F.R. § 542.10 *et seq*. (*Id.* at PageID #116–17.) Applying that framework, the R & R finds that:

> [h]ere, a review of the record makes clear that Bear failed to exhaust his administrative remedies regarding his challenge to the BOP's sentence computation because Bear never appealed his claim to the BOP General Counsel, the final step in the process. Nor has Bear "attempted to show, much less established, cause to excuse his failure to exhaust administrative remedies because he has not alleged that an external factor has prevent[ed] him from exhausting his claims." Finally, it does not appear that it would be futile for Bear to exhaust his administrative remedies would be futile [sic] . . . As in *Moglia*, I find that Bear has failed to exhaust his administrative remedies, and it would not be futile to require him to do so now.

(*Id.* at PageID #118) (internal citations omitted.) As such, the R & R recommends that the court grant summary judgment in favor of Respondent and dismiss Bear's Petition without prejudice so that he may exhaust his administrative remedies through the BOP. (*Id.* at PageID #119.) Alternatively, the R & R considers the merits of Bear's Petition. In relevant part, 18 U.S.C. § 3585(a) mandates that a federal sentence "commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." In other words, "a federal sentence cannot commence . . . before the date on which it is imposed." *Johnson v. Shartle*, No. 4:12 CV2164, 2013 WL 2387765, at *2 (N.D. Ohio May 30, 2013). The R & R finds that the record establishes that Bear was in primary state custody at the time of his federal sentencing, at which point he was taken into federal custody pursuant to a writ of habeas corpus *ad*

*prosequendum*. (R & R at PageID #119, ECF No. 9.) Bear was released from his state sentence on August 6, 2009, the date he was paroled from that sentence. (*Id.*) Thus, Bear's federal sentence commenced on August 6, 2009. (*Id.*)

Next, the R & R considers whether Bear was awarded time served for any of his prior custodies. (*Id.*) 18 U.S.C. § 3585(b) controls the award of prior custody credit and provides "that credit may not be given toward a federal sentence for time that was previously credited toward any other sentence." (*Id.*); *United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear [through 18 U.S.C. § 3585(b)] that a defendant could not receive a double credit for his detention time."). Applying that framework, the R & R finds that:

> [h]ere, Bear was awarded prior custody credit from October 28, 2004, to December 6, 2004 – the dates of his detention in the state of Virginia. The State of Tennessee also awarded Bear 637 days of prior custody credit toward his Tennessee sentence from August 12, 2005 (the date of his arrest in Tennessee) through May 10, 2007. The State of Tennessee also awarded Bear credit from May 11, 2007 to August 6, 2007. Bear was also serving a sentence in state court from August 6, 2007 until he paroled on August 6, 2009. Moreover, the sentencing court recommended against retroactive designation. Accordingly, the record establishes that BOP correctly awarded Bear all proper credit under § 3585(b), and he is not eligible for application of these 678 days of credit (August 12, 2005 – June 19, 2017) that he requests toward his federal sentence.

(*Id.* at PageID #119–20.) Consequently, the R & R recommends that if the court considers Bear's Petition on the merits that it grant summary judgment in favor of Respondent because the BOP correctly calculated Bear's jail-time credit. (*Id.* at PageID #120.)

Neither party filed objections to the R & R, so this matter is ripe for review. After careful *de novo* review of the R & R and all other relevant documents in the record, the court finds that Magistrate Judge Armstrong's recommendation regarding the Petitioner's failure to exhaust his

administrative remedies is fully supported by the record and controlling case law. Accordingly, the court adopts the R & R (ECF No. 9) and grants Respondent's Motion for Summary Judgment (ECF No. 8) and denies Bear's Petition without prejudice.  Accordingly, there is no need for the court to address the Magistrate Judge's alternate recommendation on the merits.  Under 28 U.S.C. § 1915(a)(3), the court also certifies that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253.

  IT IS SO ORDERED.

                */s/ SOLOMON OLIVER, JR.*
                UNITED STATES DISTRICT JUDGE

January 30, 2023